Tibor Nagy, Jr., SBN 007465
Christopher M. Pastore, SBN 026340
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
3430 E. Sunrise Drive, Suite 220
Tucson, AZ  85718
Telephone:  520.544.0300
Fax:  520.544.9675
tibor.nagy@ogletree.com
christopher.pastore@ogletree.com

Attorneys for Defendant Fairway Independent
Mortgage Corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia LeFever, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Fairway Independent Mortgage Corporation,<br><br>Defendant. | No.  3:18-cv-08326-DJH<br><br>**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS WITHOUT PREJUDICE** |

Defendant Fairway Independent Mortgage Corporation ("Defendant" or "Fairway"), through undersigned counsel, files this Motion and accompanying Memorandum in Support of Defendant's Motion to Compel Arbitration. Plaintiff Patricia LeFever ("Plaintiff") and Fairway entered into a valid and enforceable agreement that requires them to arbitrate, on an individual basis, rather than litigate, "[a]ny employment-related controversy, dispute or claim" between them. As a result, this Court should compel individual, bilateral arbitration of Plaintiff's claims. Defendant submits its Memorandum of Law in Support of this Motion, which is incorporated herein by

reference.

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

Defendant Fairway moves to compel arbitration of Plaintiff Patricia LeFever's claims that she makes on her own behalf, and purportedly on behalf of those with whom she claims she is similarly situated, for unpaid overtime wages in violation of the Fair Labor Standards Act, 28 U.S.C. §§ 201, *et seq.*, and Arizona's Wage Statute, A.R.S. §§ 23-350, *et seq.* More specifically, Defendant seeks to compel bilateral arbitration because Plaintiff has waived her right to file a lawsuit in court, as well as to pursue any claims she alleges in the Complaint as a class and/or collective action.

Plaintiff (as well as putative class members) and Fairway entered into an agreement requiring Plaintiff to resolve, through individual arbitration, "[a]ny employment-related controversy, dispute or claim."[1] The Supreme Court recently concluded that a valid and enforceable arbitration agreement waiving class-wide relief, such as the agreement between Plaintiff and Defendant, should be enforced according to its terms. For these reasons, Defendant asks the Court for an order compelling Plaintiff's claims to bilateral, individual arbitration in accordance with the terms of the arbitration agreement.

## I. BACKGROUND

Fairway employed Plaintiff as a Licensed Loan Officer Assistant ("LOA") from July 2015 until April 2018. (*Dkt. 1* at ¶8; Exhibit A, Declaration of Reiko Mumm, at ¶8). At the beginning of her employment, and at or near the beginning of each calendar year during her employment, Plaintiff – like all other employees – was provided with Fairway Independent Mortgage Corporation's Employee Handbook (the "Handbook") and required to acknowledge, in writing, that she read, understood and agreed to the policies

---

[1] The sole exceptions are for claims regarding workers' compensation or unemployment compensation benefits, or claims by Fairway involving the enforcement of an employee's obligations regarding Fairway's Confidentiality and Non-Solicitation Agreements. (*See* Exhibit 1 to Exhibit A).

in the Employee Handbook. (Exhibit A at ¶¶2-6, 10).  The January 1, 2018 Employee Handbook - the most recent version of the Employee Handbook acknowledged by Plaintiff - contains the following express arbitration policy:

> *ARBITRATION*
>
> *In the event that any employment-related dispute or disagreements arises between a current or former Fairway employee and Fairway, it is Fairway's policy to make every effort to informally meet with the current or former employee and settle any disputes in good faith. If no agreement or a written settlement is reached between the Fairway employee and Fairway within sixty (60) days after the employment-related dispute or disagreement arises, or within a longer period to which both Fairway and the current or former employee mutually agree, then the parties agree the matter in controversy shall be settled by arbitration in accordance with this Arbitration Policy.  With the exception of employees in Illinois, Indiana, and Wisconsin, current or former employees are not entitled to assert representative or class claims.*
>
> *Any employment-related controversy, dispute or claim between a current or former Fairway employee and Fairway, except as set out below, shall be settled by final and binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association. Each party has the right to pursue the same causes of action and obtain the same damages in arbitration that they could pursue in any court. The effect of this policy is that <u>both the current or former Fairway employee and Fairway are waiving their right to file a lawsuit in court against the other party.</u> Any arbitration brought under the terms of this Arbitration Policy shall be conducted in the following manner:*
>
>> *(a)* **Notice -** *A party wishing to pursue a claim under this Arbitration Policy must give the other party <u>written Notice of Claim within one (1) year after the disputed event occurs,</u> unless a specific applicable statute of limitation provides for a longer period for pursuing a claim. <u>Within thirty (30) days after</u> receiving a notice of claim a party shall serve the other party with a <u>written response.</u>*
>>
>> *(b)* **Mediation -** *If the party initiating the claim is not satisfied with the response, the parties shall in good faith participate in a <u>non-binding mediation within 60 days</u> to attempt to resolve the dispute. The parties shall cooperate in selecting the mediator and the time and date of the mediation. If the dispute is not resolved at mediation, then it shall proceed to an arbitration hearing.*
>>
>> *(c)* **Arbitration -** *The parties may agree on an arbitrator or select an arbitrator through the American Arbitration Association. The arbitration location will be determined on a case-by-case basis and agreed to by the parties.*
>>
>>> *(1)     The arbitrator shall follow the Employment Arbitration Rules of the American Arbitration Association, except as otherwise agreed by the parties. The arbitrator shall comply with the rules of evidence and substantive law of the state in which the arbitration is held, rule on any discovery disputes; provide for the exchange of witness lists and copies of exhibits, conduct a pretrial hearing, and have the authority to grant dispositive motions. Each party shall have the right to request the*

3

> *arbitrator to make findings of specific factual issues. The arbitrator may grant or limit discovery as the arbitrator deems appropriate considering the nature of the dispute and the number of witnesses and documents.*
>
> *(2)    The decision of the arbitrator shall be <u>final and binding</u> upon the parties, and the current or former Fairway employee and Fairway shall promptly comply with the terms of such award. Any deviation from subparagraphs (a) through (c) above must be set out in writing and signed by both the parties.*
>
> *This Arbitration Policy does not prohibit a current or former employee from filing an administrative claim before the Equal Employment Opportunity Commission (EEOC), the Department of Labor (DOL), the National Labor Relations Board (NLRB), or any parallel state or local agency.  However, upon receipt of a right to sue letter or similar administrative determination from any such agency, relinquishing the agency's jurisdiction over the employee's claim, the claim then becomes a covered dispute subject to arbitration under this Arbitration Policy.*
>
> *This Arbitration Policy does not apply to claims for workers' compensation, unemployment compensation benefits or claims by Fairway involving the enforcement of a current or former employee's obligations regarding Fairway's Confidentiality Agreement and Non-Solicitation Agreement.*
>
> *Any current or former employee who continues to work or worked for Fairway Independent Mortgage Corporation after the effective date of this policy will be deemed to have consented to this policy. The effective date of this policy is August 1, 2004.*

(Exhibit A at ¶¶ 2-4, Exhibit 1 to Exhibit A).

On January 5, 2018, Plaintiff signed the Employee Handbook Acknowledgement Form "Acknowledgement Form") acknowledging her receipt of the handbook. (Exhibit A at ¶¶4-10, Exhibit 2 to Exhibit A). The acknowledgement states, in relevant part:  "By signing my name below, I acknowledge, understand, accept and agree to comply with the policies and guidelines contained in the Handbook."   (*Id*.)

## II.    ARGUMENT AND AUTHORITIES

The Federal Arbitration Act (the "FAA") states that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Indeed, the Supreme Court has "long recognized and enforced a 'liberal federal policy favoring arbitration agreements.'"

*Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2001) (Section 2 of the FAA reflects "a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract. In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms.") (internal citations and quotation marks omitted)). The FAA applies to employment contracts. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113-119 (2001).

In its May 21, 2018 decision, the Supreme Court determined that pursuing a claim as a class or collective action does not constitute an avoidance of an arbitration agreement. *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1619, 1622-23, 1627-28, 1632. (2018). More specifically, it concluded that Congress intended the FAA to apply in all cases, including putative class and collective actions, when an employee and employer agreed to resolve such disputes through individual arbitration. *Id.*

### A.     Under the FAA, the Arbitration Agreement is Enforceable

"The basic role for courts under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (*en banc*) (internal quotation marks omitted). If the parties entered into a valid agreement that encompasses the dispute, "then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The party resisting arbitration has the burden to show the claims are not suitable for arbitration. *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983), *superseded by statute on other grounds*.

5

### 1. The Agreement is Valid

Plaintiff is subject to Fairway's arbitration agreement, which unambiguously requires her to arbitrate all of the claims alleged in the Complaint. The validity of an arbitration agreement is determined by general principles of state contract law – in this case, Arizona law. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-67 (1996); *see also Perry v. Thomas*, 482 U.S. 483, 492 n. 9 (1987) (noting "state law, whether of legislative or judicial origin, is applicable if that law arose to govern issues concerning validity, revocability, and enforceability of contracts generally"). Under Arizona law,[2] "a contract is an agreement which creates an obligation; that mutual consent is a requisite to the creation of a contract, and that it becomes binding when a proposition is made on one side and accepted on the other." *Malcoff v. Coyier*, 14 Ariz. App. 524, 526, 484 P.2d 1053, 1055 (Ariz. Ct. App. 1971).

As a condition of continued employment, Plaintiff agreed to arbitrate "any employment-related controversy, dispute or claim" between her and Fairway. (Exs. 1-2 to Ex. A). A party who voluntarily signs an agreement has a duty to read the terms; the failure to read an agreement does not relieve a party "from the consequences of his own carelessness." *Hofmann Co. v. Meisner*, 17 Ariz.App. 263, 266-67, 497 P.2d 83, 86-87 (Ariz. Ct. App. 1972), *superseded by statute on other grounds*.

Under Arizona law, acknowledging an employee handbook that contains an arbitration agreement or policy is sufficient to create a valid and binding agreement to arbitrate; there is no requirement that the employee sign a separate or distinct arbitration agreement. *See Nowak v. USVETS Inc.,* 2014 WL 1319299, *4 (D. Ariz. Apr. 1, 2014 (Campbell, J) (arbitration agreement contained in employee handbook signed by plaintiff is enforceable). An electronic acknowledgement/signature of a handbook is also sufficient to establish assent to an arbitration provision. *Pinto v. USAA Inc. of Texas*, 275

---

[2] Arizona contract law applies because Plaintiff was employed in Arizona. *Dkt. 1* at ¶¶ 8, 10; *Dkt*. 13 at ¶¶ 8, 13.

F.Supp.3d 1165, 1169 (D. Ariz. 2017) (electronic acknowledgement of handbook that referenced arbitration policy and employee's duty to read and comply with handbook policies held sufficient to establish assent to arbitration agreement).

In fact, in Arizona, it is not even necessary that an employee sign or acknowledge receipt of the handbook to be bound by an arbitration policy contained within it. Instead, an employee need only acknowledge reading the handbook that contained the arbitration provision and understand that handbook governs the terms of employment in order to be bound by an arbitration policy contained in an employee handbook. *See Batiste v. U.S. Veterans Initiative*, 2012 WL 300729, *1 (D. Ariz. Feb. 1, 2012) (Wake, J.) (even though it was unclear if employee signed employee handbook, because employee read the handbook and accepted employment with the employer, employee consented to/agreed to the arbitration agreement in the handbook); *see also Nghiem v. NEC Electronics, Inc.*, 25 F.3d 1437, 1439 (9th Cir. 1994) ("While the FAA requires a writing, it does not require that the writing be signed by the parties").

Time and again, Arizona U.S. District Courts have held that signing (or even just reading) an employee handbook which contains an arbitration agreement/policy constitutes a valid agreement to arbitrate. *See, e.g., Perry v. NorthCentral University, Inc.*, 2011 WL 4356499, *3-6 (D. Ariz. Sept. 9, 2011) (Rosenblatt, J) (employee validly consented to arbitration by signing employee handbook with one paragraph arbitration provision); *EEOC v. Cheesecake Factory, Inc.*, 2009 WL 1259359, *2-5 (D. Ariz. May 6, 2009) (Wake, J) (employee entered valid agreement to arbitrate by signing handbook acknowledgement for handbook that contained one paragraph arbitration policy). Furthermore, an arbitration policy or agreement contained in a handbook that also contains language limiting the contractual nature of the handbook, such as statements that the employer can modify the terms of the handbook at any time and/or that the handbook is not a contract of employment, is still valid and enforceable despite this limiting language. *See Cheesecake Factory, Inc.*, 2009 at *1.

In this case, Plaintiff validly entered into an agreement to arbitrate by

electronically signing Defendant's January 1, 2018 Employee Handbook Acknowledgment Form, which explicitly states that: "By my signature below, I acknowledge, understand, accept and agree to comply with the policies and guidelines contained in this Handbook." (Ex. 2 to Ex. A). The Acknowledgement Form also clearly states that the signing employee understood that it was his/her responsibility to read and review the handbook. (Ex. 2 to Ex. A). Furthermore, the arbitration policy itself in the January 2018 handbook states that "[a]ny current or former employee who continues to work or worked for Fairway Independent Mortgage Corporation after the effective date of this policy will be deemed to have consented to this policy." (Ex. 1 to Ex. A). Because Plaintiff affirmatively acknowledged receipt of the handbook, including that she would read and understand the handbook and, most importantly, accept and agree that she would comply with the policies in the handbook, she entered into a valid agreement to arbitrate any employment-related disputes between her and Defendant.

Finally, the Agreement is supported by consideration. Under Arizona law, Plaintiff's continued employment with Defendant was sufficient consideration for her agreement to arbitrate. *See Coup v. Scottsdale Plaza Resort, LLC*, 823 F.Supp.2d 931, 943-44 (D. Ariz. 2011) (continued employment is sufficient consideration to support an employment arbitration agreement); *see also Carroll v. Lee*, 14 Ariz. 10, 13, 712 P.2d 923, 926 (Ariz. 1986); *Mattison v. Johnston*, 152 Ariz. 109, 113, 730 P.2d 286, 290 (Ariz. Ct. App. 1986). Furthermore, the arbitration policy mutually binds both Plaintiff *and* Defendant to arbitrate any controversy, dispute, or claim, (Ex. 1 to Ex. A), and, therefore, Plaintiff is also receiving consideration in the form of Defendant giving up its right to pursue litigation. *See Carroll*, 712 P.2d at 926 ("monetary consideration is not always required . . . [a]dequate consideration consists of a benefit to the promisor and a detriment to the promisee.") (citations omitted).

Because the parties entered into a valid agreement to arbitrate that is supported by consideration, the arbitration agreement is enforceable. No more is required under the FAA and Arizona law, particularly in light of the presumption in favor of arbitration.

8

### 2. Plaintiff's Claims are Covered by the Arbitration Agreement

The arbitration agreement covers all of Plaintiff's claims against Defendant. The language of the arbitration agreement makes arbitration the exclusive forum for the resolution of all employment-related disputes between an employee and Defendant except for: (1) claims related to workers' compensation or unemployment compensation benefits; and (2) claims involving an employee's obligations regarding Fairway's confidentiality and non-solicitation policies.

Plaintiff's Complaint alleges that Defendant violated the Fair Labor Standards Act and Arizona law regarding her compensation while she was employed by Defendant. The claims are unequivocally a dispute between the parties that is "employment-related" and, as a result, both claims are covered by the arbitration agreement. Accordingly, Defendant's Motion to Compel Arbitration must be granted. *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

### B. The Arbitration Agreement and the Prevailing Law Require Arbitration of Plaintiff's Claims on an <u>Individual</u> Basis

Additionally, the Agreement, as well as recent Supreme Court jurisprudence, require this Court to compel arbitration of Plaintiff's claim on an individual basis. *Epic Systems Corp.*, 584 U.S. at 1619, 1622-23, 1627-28, 1632. In *Epic Systems*, the Supreme Court expressly concluded that agreements requiring individual arbitration of claims should be enforced according to their terms. *Id.*

Furthermore, the Agreement includes an express class and collective action waiver: "Employees are not entitled to assert representative or class claims." (Ex. 1 to Ex. A). Moreover, just last week the U.S. Supreme Court ruled in *Lamps Plus, Inc. v. Varela,* ___ U.S. ___, 2019 WL 1780275 (April 24, 2019), that irrespective of whether an arbitration agreement is silent or ambiguous on the question of consent to class or collective arbitration, courts may not infer consent to participate in class or collective arbitration absent an affirmative "contractual basis for concluding that the party agreed to do so." *Id.* at *6, *quoting Stolt-Nielsen, S.A. v. Animal Feeds International Corp.*, 559 U.S. 662, 684 (2010). There can be no doubt that the Agreement did not confer upon

Plaintiff consent to convene a class or collective arbitration on behalf of herself or others similarly situated. Therefore, the Court should enforce the Agreement by dismissing this Action and compelling arbitration of Plaintiff's claims on an individualized basis.

## III.   CONCLUSION

Defendant has demonstrated that: (1) Plaintiff entered into a valid and enforceable agreement to arbitrate that includes a class action waiver; and (2) the Agreement encompasses Plaintiff's claims. Because the Agreement expressly waives any collective or class-wide arbitration, Defendant is entitled, under the FAA, to an order dismissing this Action and compelling Plaintiff to pursue her claims against Defendant, if at all, through bilateral arbitration under the terms and conditions of the Agreement.

RESPECTFULLY SUBMITTED this 3rd day of May, 2019.

          OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:   s/ Tibor Nagy, Jr.
      Tibor Nagy, Jr.
      Christopher M. Pastore
      3430 E. Sunrise Drive, Suite 220
      Tucson, AZ  85718
      Attorneys for Defendant Fairway Independent Mortgage Corporation

**CERTIFICATION PURSUANT TO LR CIV 12.1(c)**

Pursuant to LR CIV 12.1(c), Tibor Nagy, Jr. counsel for Defendant Fairway Independent Mortgage Corporation hereby certifies that prior to filing, counsel for the parties met and conferred about the issues asserted in this motion to compel arbitration and dismiss the plaintiff's complaint without prejudice.  The parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the

pleading party.

                                        /s/ Tibor Nagy, Jr._____

Tibor Nagy, Jr.
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Attorneys for Defendant Fairway Independent Mortgage Corporation

11